UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CRIMINAL NO. 5:13-52 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| RONDALE LAMONT McCANN, | ) | |
| ZEROCKIA Z. KEENE | ) | |
| Defendants | ) | |

\* \* \* \* \* \* \*

This matter is before the Court on the motions to dismiss count two of the indictment filed by Defendants Rondale Lamont McCann (DE 273) and Zerockia Z. Keene (DE 283). For the following reasons, both motions will be denied.

There are now 13 Defendants in this matter and 26 counts related to the distribution of cocaine, oxycodone, and other controlled substances. The count at issue on these motions is count two which charges all 13 of the Defendants with conspiring to distribute oxycodone. McCann argues that the court should dismiss the charge because the indictment does not give him sufficient notice of the charge against him. Keene makes the same argument and also argues that, if the Court should not dismiss the count, it should sever the trial of count 1, which alleges a cocaine conspiracy, from the trial of count 2.

The Federal Rules of Criminal Procedure require that the indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged. . . ." Fed. R. Cr. P. 7(c)(1). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal

or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). "An indictment is usually sufficient if it states the offense using the words of the statute itself as long at the statute fully and unambiguously states all of the elements of the offense." *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001).

Here, the indictment alleges that, during a specific time period – on or about February 2012 to May 8, 2013 – in a specific place – Madison County, Kentucky – the Defendants engaged in specific illegal acts – conspiring to distribute oxycodone – in violation of specific statutes – 21 U.S.C. §§ 841(a)(1) and 846. Thus, the indictment informs the Defendants of the statutes they allegedly violated, tracks the statutory language, and sets forth the elements of the crimes charged and the basic facts constituting the offense. This is sufficient notice under Rule 7(c)(1).

Further, the government points out that it has provided the Defendants with large amounts of discovery, including written statements of codefendants and recordings of conversations. The discovery should further notify the Defendants of the nature of the charges against them.

At trial the government will, of course, have to prove that the Defendants violated the statutes as charged but it is under no obligation to explain in the indictment how it will do so.

As to Keene's request that count 2 be severed from the trial of count 1, he makes this request pursuant to Federal Rule of Criminal Procedure 14. That rule provides that, if joinder of offenses in an indictment "appears to prejudice a defendant or the government, the court may order separate trials of counts . . . ." Fed. R. Crim. P. 14(a). Keene devotes only one sentence in his motion to his

severance request and provides no basis for it. "[J]uries are presumed capable of sorting evidence and considering separately each count and each defendant." *United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006) (quoting *United States v. Welch*, 97 F.3d 142, 147 (6th Cir.1996)).

Further, any risk of prejudice from spillover evidence in this case can be addressed through careful instructions to the jury. This Court will caution the jury that the number of charges is no evidence of guilt and that it is their duty to separately consider the evidence that relates to each charge, and that their decision on one charge should not influence their decision on any other charge.

For all these reasons, the Court hereby ORDERS that the motions to dismiss count two (DE 273, 283) are DENIED.

Dated this 10th day of February, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY