UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | CRIMINAL NO. 5:13-52 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| RONDALE LAMONT McCANN, | ) | |
|     Defendant | ) | |

\* \* \* \* \* \* \*

This matter is before the Court on defendant Rondale Lamont McCann's motion (DE 861) for an order that he be released from prison or placed on home confinement. In support of his motion, McCann cites 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release."

By judgment dated August 25, 2014, this Court sentenced McCann to a prison term of 192 months after he pleaded guilty to conspiring to distribute 280 grams or more of cocaine base. He moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." He states that he is 38 and suffers from high blood pressure and sleep apnea and is pre-diabetic. He asserts that these conditions make him more susceptible to serious illness or death if he contracts COVID-19. He asserts that multiple inmates and staff members at FCI Terre Haute, where he is incarcerated, have been diagnosed with COVID-19, including one of his cellmates, who was removed from the cell and quarantined.

18 U.S.C. § 3582(c)(1)(A) allows a court, upon a proper motion, to modify a term of imprisonment and grant what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit recently determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. The government does not dispute that McCann filed this motion more than 30 days after he requested compassionate release from the warden. Accordingly, the Court has authority to consider his request for compassionate release.

To the extent that McCann asks that the Court order that he serve the remainder of his sentence on home confinement, this Court has no authority to do so. The BOP is the entity that has the authority to designate the place of a prisoner's imprisonment, not the court. 18 U.S.C. § 3621(b); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015).

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." Nevertheless, the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) sets forth the circumstances under which extraordinary and compelling reasons exist for modifying a sentence.

One of these is the medical condition of the defendant. The defendant must be suffering from a "terminal illness," or he must be suffering from a serious physical or mental impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. McCann does not assert, nor is there an evidence in the record, that he has a terminal illness as defined under the policy statement. Likewise, he does not assert, nor is there any evidence in the record, that he has a permanent impairment that has substantially diminished his ability to provide self-care within the prison environment.

The policy statement also has a catchall provision, which provides that undefined "other reasons" may exist that constitute an extraordinary and compelling reason to

3

modify a sentence. These "other reasons" may only be "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 n. 1 (D). This Court has no authority to find "other reasons" that may justify a sentence reduction beyond those delineated in the policy statement. *See United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019).

Even if extraordinary and compelling circumstances did exist, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Spencer*, No. 20-3721, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020). These factors include, among other things: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the sentencing range for the applicable category of offense; and (3) the need for the sentence imposed to adequately deter criminal conduct, to protect the public from the defendant's further crimes, and to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a). The court must also find that the defendant "is not a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual § 1B1.13 (referencing 18 U.S.C. § 3142(g)).

The Court commends McCann for the actions and courses he has taken while imprisoned to better himself and prepare for a successful, meaningful, and responsible life upon his release from prison. Nevertheless, the Court cannot find that the factors under 18 U.S.C. § 3553(a) support his release at this time. He was convicted of conspiring with others to distribute a large amount of crack cocaine. He has served less

than half of his 192-month sentence. He has a considerable criminal history beyond this charge, including a prior charge for distributing cocaine and a 2017 federal conviction for conspiring to commit mail and wire fraud in connection with a plan to commit arson to obtain insurance proceeds. (Case No. 5:15-89). He was sentenced to 57 months in that case to run concurrent with the sentence in this case.

Considering the need for his prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is not appropriate. Further, based upon the record before it, the Court cannot find that McCann would not pose a danger to the safety of any person or the community if he were to be released.

For these reasons, the Court HEREBY ORDERS that McCann's motion (DE 861) for an order that he be released from prison or placed on home confinement is DENIED.

Dated October 16, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY